## Case No. 4,672.

### Ex parte FARNSWORTH.
### In re WHITNEY et al.

[1 Lowell, 497.][1]

District Court, D. Massachusetts. 1870.

W. P. Walley (H. W. Paine with him), for the creditor.

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

B. F. Brooks, for the assignee,

LOWELL, District Judge. The industry of the learned counsel on either side has failed to discover decisions under any bankrupt or insolvent law of this country directly in point, and both have resorted to the English cases. As I have often observed the cases in either country and especially in England must be used with great care, because our statute is more or less different from all the others, and more widely from the English than from some of the American statutes. At the same time it is impossible to understand our bankrupt act [of 1867 (14 Stat. 517)] fully without some knowledge of the cases under those laws, because it has adopted into the body of the act many doctrines originally founded only in decisions, though with very important modifications. The doctrine that a creditor who holds collateral security upon the property of the bankrupt must first realize his security and then prove for the balance, has been adopted from the courts of equity. It is found in section twenty of our bankrupt law where it is enacted that "when a creditor has a mortgage or pledge of the real or personal property of the bankrupt, or a lien thereon for securing the payment of a debt owing to him from the bankrupt, he shall be admitted as a creditor only for the balance of the debt after deducting the value of such property to be ascertained by agreement between him and the assignee, or by a sale thereof to be made in such manner as the court may direct." It has been assumed by both parties that commercial paper of third persons, deposited by the bankrupt as security for a debt, is personal property within this clause, and I see no reason to question the correctness of that assumption. Such has always been the law of England where a rule of court early established the practice which is part of our statute. If, therefore, the petitioner held as security notes or bills of third persons without the bankrupt's indorsement, but pledged by them, it is agreed that he must sell them or give credit for their value, and prove for the balance only after deducting such value. But if the collateral notes or bills contain the indorsements of the bankrupt there is more difficulty. A sale of such notes would give the buyer a right to prove for the whole

face of the paper, which is. in this instance, greater than the original debt, besides leaving to the present holder a right to prove for the deficiency, so that the other creditors would be put at a disadvantage by having a larger debt proved than the bankrupts owe to this petitioner. On the other hand if I order the creditor to restrict the indorsement so that the buyer cannot prove against Whitney & Crain, I am depriving the creditor of part of his security, for he holds the credit of both the parties to the bills for his whole debt, and by realizing on one of them first, and deducting what he obtains from him he loses a part of the credit of the other party.

These considerations show that the English doctrine, that if the bankrupt has indorsed the bills the holder may prove against both estates is sound, because then the creditor gets precisely the security he bargained for, and no one is injured. This rule has been long established by the court of chancery in England: Ex parte Twogood, 19 Ves. 229. It is understood, of course, that the proof against the bankrupts' estate can be only for the amount due from them to the creditor. They cannot by giving him a promise for more enable him to prove beyond the real debt, any more than he could, in any other court, obtain judgment for more. Against the promisors on the collateral notes he can prove for the full amount of the notes, because that was the very purpose of pledging them to him for a larger amount than his debt. But he can receive in dividends from both parties no more than his whole debt.

There is no technical difficulty in the way of this mode of dealing with the subject, because the creditor can surrender the note of the bankrupts and make his proof on the indorsements up to the amount of his debt against the bankrupt, and he will then have no security for his debt. This is strictly legal as well as equitable.

Proof to be admitted on the indorsements for $5897 on surrender of the original note of the bankrupts.