### Case No. 4,381.

In re ELLERHORST et al.

[5 N. B. R. 144;[1] 6 Am. Law Rev. 162.]

District Court, D. California. 1871.

HOFFMAN, District Judge. A debt was proved in this case by the Bank of British North America against the estate of the above bankrupts, on a note made by the bankrupts and endorsed by Sheldon, Davis & Co. At the time the proof was made, no part of the note had been paid by either the makers or endorsers. Subsequently, however, the endorsers paid to the holder sixty-two per cent. of the amount due, and were released by the holder from the further liability.

It is contended by the assignee that the holder is entitled to be paid a dividend, not on the whole debt proved by him, but only on the balance due after deducting the sixty-two per cent. already received. As the estate is confessedly indebted in the whole amount of the debt and must pay dividends thereon, it is evident that if the holder is not allowed to prove for more than the unpaid balance due him, the endorser must be permitted to prove for the sum paid by him to the holder; for in no other way can the whole debt be represented. But the endorser is not permitted to make this proof by the terms of the bankrupt act [of 1867 (14 Stat. 517)], nor on general principles should he be allowed to do so in a case like the present. The provisions of the act, with regard to "persons liable for the bankrupt, as bail, surety, guarantor or otherwise," contemplate two cases. First—Where the whole debt has been paid and the creditor satisfied

[1] [Reprinted from 5 N. B. R. 144, by permission.]

by the surety, the latter may prove the debt, or, if it has already been proved by the creditor, the surety may stand in the place of the latter. Second—Where the surety has not paid the whole debt but is still liable for the same or any part thereof, he may "if the creditor shall fail or omit to prove such debt, prove the same either in the name of the creditor or otherwise, as may be provided by the rules," etc.

It is evident that the debt to be proved by the surety in this case is not the indebtedness of the bankrupt to him for the amount which may have been paid by him, but the whole indebtedness of the bankrupt to the creditor; and he can make this proof only in case the creditor has omitted to prove. The proof must also be "in the name of the creditor," or otherwise, as provided by the rules which shows even if the preceding language was less explicit, that the debt to be proved is the original debt due the creditor. This provision is the necessary consequence of the preceding clause, and indispensable for the protection of the surety. For not having satisfied the whole debt, he cannot prove under the first clause; and if the creditor who has been in part satisfied should choose not to prove the surety who has paid part and is liable for the balance, would be deprived of all share in the bankrupt's estate. The two clauses together secure the attainment of justice in all cases. By the first, the surety who has discharged the debt is subrogated to the rights of the creditor whom he has paid. By the second, the creditor may prove the whole debt. The surety cannot in such case prove, for that would be to allow the same debt to be proved, in part, twice. But the creditor, after receiving in dividends satisfaction of the balance due him, will hold, as trustee for the surety, any dividends received by him in excess. But if the creditor omits to prove, the surety may do so, and will hold any dividends he may receive to meet his liability to the original creditor. The estate will thus have paid dividends only on the true amount of the indebtedness. The creditor who has the double security of the bankrupt's liability and that of the surety will have been satisfied, while the surety will have been reimbursed either through the creditor who has proved, or directly by himself proving the debt in the creditor's name, that proportion of the debt he has paid or is liable for, to which, as a creditor of the bankrupt, he is entitled. But this result can be attained only by allowing the creditor, who has been partly paid by the surety, to prove and receive dividends on the whole debt, or the surety, who, in case of omission by the creditor, proves in his name, to make like proof and receive like dividends. By refusing to allow a surety who has made a part payment, to prove, except where the creditor omits to do so, the statute does him no wrong. Whatever the creditor receives in dividends diminishes pro tanto the surety's liability, and is equivalent to a payment made on his account and for his benefit. Even if he were permitted to prove, he would have no right to appropriate the dividends—for his duty would be to turn them over at once to the creditor for whose debt he is surety—and he would no more be at liberty to withhold such payment than he would have been at liberty, had there been no such bankruptcy, to refuse to pay over to the holder any sums which the maker might pay him on account of the debt. As thus he has no right to receive any dividends from the estate until the creditor is satisfied, the statute very properly denies him the right to prove against it, unless the creditor by omitting to prove has impliedly consented that he should do so, and by renouncing any claim against the estate has been content to look exclusively to the surety's liability. But when the creditor has insisted on the double liability he has secured, the surety has no right to intercept any sums which the creditor can collect from the bankrupt's estate, or to diminish the fund to which he has a right to look for satisfaction. It is only when the holder is fully satisfied that the surety can urge any claim to dividends payable on the original debt of the bankrupt. Nor does the creditor, even though he should be paid in full, obtain any "preference." The estate being liable for the whole debt pays in dividends only the proper pro rata share of the assets. The creditor is paid in full, because, by reason of the relations between himself and the surety, he has a right to intercept and appropriate the dividends which otherwise would go to the latter.

In the case at bar the surety had not satisfied the debt, nor had the creditor omitted to prove. The former was, therefore, not entitled to prove and the proof was properly made by the creditor, who must receive dividends on the whole amount, holding any excess of dividends above the sum necessary to satisfy the unpaid balance due him, in trust for the surety. These conclusions, apparently so agreeable to reason, are abundantly sustained by authority. In Ex parte Wildman, Lord Hardwicke said: "The petitioner had received nothing under the composition at the time he proved his debt under the commission of bankruptcy, and was therefore admitted a creditor for the whole. But before a dividend he receives two shillings and six pence in the pound under the composition of the acceptors of the bills. * * * The assignees say he shall be paid a dividend only on the sum left after deducting the two shillings and sixpence. But this would be taking away from a man the double security he had, and which he may make use of in law and equity till he has satisfied his whole debt." 1 Atk. 110. See, too, Ex parte Dyer, 6 Ves. 9; Ex parte Adam, 2 Rose, 36; Ex parte Royal Bank of Scotland, Id. 197; Ex parte Turner, 3 Ves. 243;

Ex parte De Tastet, 1 Rose, 10; In re Babcock [Case No. 696]: The decision of the register is therefore sustained.