## Case No. 13,184.

### In re SOUTHER.

### Ex parte TALCOTT.

[2 Lowell, 320; [1] 9 N. B. R. 502.]

District Court. D. Massachusetts. March, 1874.

BANKRUPTCY—PROOF OF DEBT—NOTE—PART PAYMENT BY INDORSER.

1. If the indorser of a note pays a part of the money due upon it to the holder, after the bankruptcy of the maker, for a full release of his (the indorser's) own liability, the holder may prove the note in full against the estate of the maker, because he is, in law, trustee for the indorser to make such proof, and must hold for the benefit of the indorser any dividends he may receive above the balance remaining due him on the debt.

[Cited in Ex parte Harris, Case No. 6,109; Re Hollister, 3 Fed. 455; Re Pulsifer, 14 Fed. 249; Chemical Nat. Bank v. Armstrong, 50 Fed. 805; Stewart v. Armstrong, 56 Fed. 171.]

[Cited in Re Meyer, 78 Wis. 622, 48 N. W. 55; Ex parte Nason, 70 Me. 368; National Mt. Wallaston Bank v. Porter, 122 Mass. 310.]

2. Such a payment is not a discharge of the promisor, pro tanto.

This was a question upon evidence certified by the register, concerning the debt offered for proof by Frederic Talcott, and called for a decision whether the amount paid by an indorser of a note, after the bankruptcy of the maker, and after an affidavit in due form had been made by Talcott for proving the debt, but before the first meeting of the creditors, and therefore before the debt could be admitted to proof, should be deducted from the debt as a payment pro tanto. The case was not argued.

LOWELL, District Judge. The general rule undoubtedly is, that the holder of a note may prove against all the parties for the full amount, and receive dividends from all until he has obtained the whole of his debt with interest. It is likewise the general rule, that what he has received from one party, or from dividends in bankruptcy of one party, to the note, are payments which he must give credit for if he afterwards proves against others. Sohier v. Loring, 6 Cush. 537; Ex parte Wildman, 1 Atk. 109; Ex parte Royal Bank of Scotland, 2 Rose, 197; Ex parte Tayler, 1 De Gex & J. 302. I am of opinion that this latter rule must be confined to cases in which the payment has been made by the person primarily liable on the note or bill. The two cases last above cited cover the whole ground of this inquiry. In the former, it was held that such credit must be given for dividends received after a claim had been made in bankruptcy, but before the debt was actually and formally proved; and in the latter, that when such payments had been made by the drawer of

¹ [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

a bill of exchange, and the proof was offered against the acceptor, still the credits must be given. One of the learned justices, however, in giving judgment, reserved his opinion whether the rule would apply if the holder offered his proof as a trustee for the drawer, or for the estate of the drawer. The theory of this decision is, that no creditor can prove for more than his actual debt, as it exists at the time of proof, without obtaining an undue advantage over other creditors. The answer attempted to be maintained by the creditor in that case, was, that a holder may sue for the whole debt at law against the party primarily liable, and hold the money for whom it may concern. For this position he cited Jones v. Broadhurst, 9 C. B. 173, then recently decided. The court of appeal in bankruptcy expressed doubts whether Jones v. Broadhurst stated the true rule at law, and decided that the rule in bankruptcy, at all events, was well settled against it, unless, perhaps, the holder proved that he was acting as trustee for some one whose liability was subsequent to that of the bankrupt.

It seems to me, however, that the argument in favor of the proof in full was sound. The better opinion at common law is, that payment by a drawer or indorser does not exonerate the acceptor or maker, unless the promise of the latter was for the accommodation of the former, or there is some other equity which makes the note or bill the debt of the party who has made the payment, or unless he has made it at the request or for the benefit of the acceptor or maker. Byles, Bills (10th Ed.) 221, and cases there cited. If this be not the rule at law, still I consider it to be so in bankruptcy. The statute, sect. 19, adopting the equities of the case, declares that if a surety, or other person liable for a bankrupt (and this undoubtedly includes indorsers), pays or satisfies the debt, or if he remains liable for the whole, or any part of it, he may prove it in bankruptcy, or require the creditor to prove it, in order that he may have the benefit of the dividends. This law does not expressly meet the present case, because the indorsers here have neither satisfied the debt, nor do they remain liable to pay it, but they have taken an intermediate course, by paying a part for a full release of their own liability. Under these circumstances, in the absence of any stipulation one way or another about the maker of the note, who was already a bankrupt, the law will imply that the holder is to prove the whole debt: and, if the dividends are more than enough to pay him in full, after crediting to the surety what he has received from him, the creditor will hold the surplus for the benefit of the surety. This, though not within the exact language of section 19, is fully within its spirit. It is not, however, as a construction of that section that I find the law, but merely that the section recognizes a familiar equity, and

takes for granted that a creditor may prove the debt notwithstanding payment in whole or in part by a surety, because he in fact proves as the trustee of the surety. The payment made by the indorser after the maker of the note was a bankrupt, cannot be proved by the surety as money paid, unless it comes precisely within section 19, because it had not been paid at the time of the bankruptcy. It must either be provable as part of the note in the hands of the holder, and for the benefit of the indorser, or not provable at all, and in the latter case it would not be barred by the discharge. This was one of the motives for the enactment that the surety may compel the creditor to prove, and it takes for granted, as I have said, that the creditor might prove voluntarily. [It has long since been decided that an endorser or drawer may prove on the note or bill if he has taken it up at any time before the final dividend, and that being provable the debt will be discharged. Joseph v. Orme, 2 Bos. & P. N. R. 180; Mace v. Wells, 7 How. [48 U. S.] 272][2] The case of Jones v. Broadhurst, and those which follow it on the one side, or differ from it on the other, deal merely with the fact, or the presumption, whether or not the payment is intended to discharge the debt of the principal debtor; if not, the right of action remains good. The fact in this case is, that the surety gave a certain sum for what is equivalent to a covenant not to sue him, and it is not for the bankrupt to say that his debt is thereby paid, when he has not furnished the means to pay it. In re Ellerhorst [Case No. 4,381]; Downing v. Traders' Bank [Id. 4,046]. Proof admitted in full.