## Case No. 6,109.

### Ex parte HARRIS et al.

### In re COCHRANE.

[2 Lowell, 568; [1] 16 N. B. R. 432.]

District Court, D. Massachusetts. May, 1877.

BANKRUPTCY—AMOUNT OF PROOF—CREDITS.

1. Where a manufacturer consigned goods to his factors, and drew against them bills, which the factors accepted, for an amount much beyond what the goods ultimately realized, and both parties failed, leaving outstanding acceptances for about $116,000, and goods and their proceeds in the hands of the factors for about $26,000, and both parties became bankrupt, and the factors employing, without objection, the $26,000, made a composition of forty per cent with all their creditors, including the holders of the bills, who reserved a right to prove in full against the drawer and all other parties,—*held,* these creditors, proving against the drawer, need not give credit for the full forty per cent, but must abate their proof in the proportion of 90,000 to 116,000; that is, must give credit for the $26,000 which might, upon their application, have been applied towards paying their bills.

2. Where notes are exchanged, the presumption is that each party is to pay his own.

3. Where notes were exchanged, and the holder has received a payment from the maker of one of these notes, before he offers proof against the estate of the indorser he must prove only for the balance.

[Cited in Ex parte Nason, 70 Me. 368.]

4. The proof is complete when the affidavit is filed with the register or assignee, and payments received after that time need not be credited.

In bankruptcy. John Cochrane, Jr., the bankrupt, was a manufacturer of carpets, and Harris, Chipman, & Co. were his selling agents or factors, and advanced him their notes from time to time, which he indorsed and procured to be discounted. Both parties failed, at which time there were outstanding in the hands of several banks and individuals notes of this kind for about $116,000; and the factors had goods of Cochrane's to the value of about $26,000. Harris, Chipman, & Co. went into bankruptcy March 7, 1876, and offered a composition of forty per cent, which was accepted and recorded April 29, 1876. The several holders of the notes received the forty per cent, and gave Harris, Chipman, & Co. a covenant not to sue them; reserving the right to prove the full amount of the notes against the other parties to them. Cochrane went into bankruptcy March 30, 1876. The question now came up, whether the holders of the notes could prove in full, or for what other amount, against the assets of Cochrane. A proof in full had been made, and afterwards modified, by order of the register, by deducting the amount paid in composition by Harris, Chipman, & Co.; and the petition now was for a revision of this order. The affidavits for proof against Cochrane's estate had been made and sent to the assignee, or to the register, very near the time

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

that the resolutions of Harris, Chipman, & Co. were recorded.

W. Munroe, for assignees of Cochrane.

F. S. Hesseltine, for Harris, Chipman, & Co.

J. R. Bullard and C. K. Fay, for holders of notes.

LOWELL, District Judge. In so far as the notes offered for proof were given for the accommodation of Cochrane, it is immaterial whether payments by the parties who stood in the relation of sureties were made before or after the proof was made in this case, because it is held under our bankrupt law [of 1867 (14 Stat. 517)], by a great preponderance of authority, and upon unanswerable reasoning, that the holder of a bill or note may prove it in full against the party primarily liable upon it, notwithstanding he may have received a part or all of the amount from a surety or quasi surety. See In re Souther [Case No. 13,184]. Of course, the parties dealing together can agree that the creditor shall not have this right, but that it shall belong to the surety, in consideration of his payment; yet even then the course would be for the creditor to prove his note or bill in full, and to give to the surety his proportionate part of the dividends that might be received from the estate of the principal debtor. Here the agreement was that the holder should prove in full against the estate of Cochrane, and any other parties to the notes. But were these notes given for the accommodation of Cochrane? I think they may be so regarded in equity, to the extent that they were not secured by goods, and the proceeds of goods, in the hands of Harris, Chipman, & Co. If the latter had taken up their notes, they would be creditors of Cochrane for $90,000. When both parties failed, the goods and their proceeds were applicable to the notes drawn against them, so far as they would go; and this equity might have been enforced by the holders, under the doctrine of Ex parte Waring, 19 Ves. 345, and that class of cases as applied in this country.

It is a question not so clear whether the holders of the notes or bills, having the right to an appropriation of funds in the hands of a surety, can prove against the principal in full. I have said on one occasion that they cannot, and I have not found any reason to change my opinion. I do not mean to say they might not prove in full by expressly or impliedly renouncing their security; but that is impossible in this case, because the factors have appropriated the security, as they had a right to do, if the creditors did not object; but the result is, that $26,000 of Cochrane's property has gone to pay the debts of Harris, Chipman, & Co., and to this extent I think the general creditors of Cochrane have a right to say that the holders of the notes shall not prove in full against Cochrane's assets. If the whole amount of these notes

outstanding and offered for proof is $116,000, each must be reduced in the proportion of $90,000 to $116,000.

There was one debt which presented a different question. Cochrane had exchanged notes with one Pearce, and the latter had paid thirty-five per cent upon all his debts, by some sort of composition. I do not understand that in exchanging notes either party is considered to be accommodating the other: each impliedly undertakes to pay his own notes in consideration of the exchanged note which is to be paid by the other. In this case, credit must be given by the holder of a note coming in to prove against Cochrane's estate, as indorser, for whatever dividend he has received or might have received from Pearce, as maker, before he offered his proof against the assets of the indorser, though not bound to give such credit where Cochrane is promisor. Under our practice, I think a debt is to be considered as proved when it is duly authenticated and sent to the assignee or the register, because ninety-nine in a hundred of all debts not proved at the first meeting are proved in this way. I do not think the date should depend on when the assignee or the register makes a formal entry of its allowance, provided the debt turns out to be just and true.

Referred to the register, to proceed in accordance with this opinion.