The firm of Archibald Baxter & Co., having taken the funds with knowledge that they were not entitled to receive the same, are equally liable to the corporation with Baxter personally, and, on the authority of Emery v. Canal Nat. Bank, [Case No. 4,446,] I think proof can be made against both estates.

## Case No. 1,120.

### In re BAXTER et al.

[18 N. B. R. 497; 26 Pittsb. Leg. J. 140.]

District Court, S. D. New York. July 3, 1878.

BANKRUPTCY—PROOF OF DEBTS—DRAFTS—PAYMENT BY ACCEPTOR.

[After certain drafts had been accepted, the drawer became bankrupt, and they were dishonored. The holder received 50 per cent. of their amount from the acceptor in full satisfaction of all claims against him, expressly reserving his rights against all other parties to the drafts. The acceptor then released the drawer from all liability to him. *Held*, that notwithstanding this release the holder of the drafts was entitled to prove for the whole amount of the drafts, and to receive a dividend —if the estate was able to pay it—which with the payment made by the acceptor, would equal that amount.]

[Cited in Re Hicks, Case No. 6,456. Distinguished in Re Hollister, 3 Fed. 455.]

[In bankruptcy. In the matter of Archibald Baxter and Duncan C. Ralston.]

Abbott Bros., for assignee.
Redfield & Hill, for creditor.

CHOATE, District Judge. Re-examination of proof of debt. The Canadian Bank of Commerce became the holder for value before maturity of two drafts drawn by the bankrupts on their correspondents in Liverpool, who accepted the same. Since the dishonor of the draft, the bank has received from the acceptors fifty per cent. of the amount due on them, without prejudice to the rights of the bank against other parties. The drafts were drawn against consignments of merchandise, which the drawers undertook to make, but which they failed to make. It is claimed that the acceptor has released the drawer from all demands. It is now insisted by the trustee of the bankrupt that the holder of the draft can only prove for the amount thereof, after deducting the payment made by the acceptor, but the register allowed the proof for the whole amount.

The bankrupt is in this case the principal debtor, and the acceptor is the surety. It is conceded that, but for the release of the drawer by the acceptor, the creditor would have the right to prove for the whole amount. Downing v. Traders' Bank, [Case No. 4,046.] But it is insisted that in this case, as the acceptor has released all his claims against the drawer, the creditor cannot prove for the whole, because the acceptor has no claim on the surplus after the creditors shall be paid in full. There is no merit in this position. If the dividend which the creditor shall be entitled to shall, with the sum received from the surety, exceed the whole amount of the drafts, that may be a proper case for an application to the court to have this surplus disposed of, according to the equities of the parties, if the acceptor is then properly before the court; meanwhile, to reduce the amount for which the creditor is to prove would certainly prejudice his rights, contrary to the

conditions under which he accepted the money from the surety. He is entitled to prove for the whole amount, and if there shall be a surplus it can then be determined to whom it belongs. The entry of a judgment does not affect the right to prove the debt. Petition dismissed.

[A rehearing was granted, and on August 10, 1878, the following opinion was rendered:]

CHOATE, District Judge. This case was submitted on briefs of counsel, and a further oral argument has been granted on application of the assignee, on account of the very large amount involved in the decision. After a careful reconsideration of the matter, I am still of opinion that the bank has a right to prove against the bankrupts for the whole amount of the drafts held by it. The receipt by the bank from the acceptors of the drafts, who, on the facts shown, stood in the relation of sureties for the bankrupts, of fifty per cent. in release of all claims on them, did not operate to discharge any part of the debt of the bankrupts to the holder of the drafts. It was not accepted as payment in part of their debt to the holder, nor was the sum so paid endorsed on the drafts as part payment, nor was there any agreement to that effect. On the contrary, it was agreed to be received without prejudice to the rights of the holder as against other parties on the drafts. The rights thus expressly reserved certainly included the right to present their claim against the bankrupt for its full amount.

There is no question that the holder of commercial paper may prove for the full amount against all the parties liable, as he may maintain actions against them all. The holder was not bound to receive this dividend from the surety. He might have rested on his right to sue him, which would not in any way have prejudiced his right to prove the debt for the full amount against the bankrupt, unless and until the surety should have paid the drafts in full, in which case, by the terms of the bankrupt law, the surety would have been subrogated to the rights of the holder. Instead of suing the surety, the holder accepted fifty cents in full as against him, without prejudice to his rights against the bankrupt. Even without this reservation, the surety, having paid part of the debt only, would have no right to prove for that part against the bankrupt unless the holder should fail to prove the debt; but the right of the holder would still remain to prove for the whole debt, partly for himself and partly as trustee for the surety. Rev. St. § 5070. Now, the reservation of rights agreed upon in this case had no meaning, it seems to me, if it did not save the existing right of the holder to prove, for his own benefit, on the whole debt, until he received, with the payment made by the surety, full satisfaction of the debt. Such being the rights of the parties at the time the dividend was received from the surety, the subsequent release by the surety of all claims against the bankrupt cannot possibly affect the rights of the holder, who was no party to that release, except so far as those rights are held by him, not for his own use and benefit of the surety. The surplus that the holder may receive from the bankrupt, upon proof of the debt in full, after full satisfaction of the debt, would indeed, but for the release, belong to the surety; and this surplus the surety might, as against the holder, deal with as he chose; but the surety is not a party to this proceeding, and therefore what may be the effect to this surplus may and should be left till it appears that there will be such a surplus. As it is conceded in this case that there will be none, the point is not material; but the proper order to make in the matter is, that the holder be allowed to prove for the whole amount of the drafts, reserving all questions that may arise in case he should be entitled upon such proof to dividends, which, together with the sum received from the surety, will exceed the whole amount of the drafts and interest.