## NORTH NATIONAL BANK *vs.* HENRY H. HAMLIN.

Suffolk.    March 19. — Oct. 21, 1878.    AMES & MORTON, JJ., absent.

In an action by a bank against A., the maker of a promissory note indorsed by B., in which the answer was a general denial, it appeared that two days after the maturity of the note, which had been protested for non-payment and the indorser duly notified, the plaintiff charged off a certain balance which stood upon its books to the credit of B., who kept an account there, and shortly after sent him a notice stating this amount to be charged him "for payment of A.'s note;" that in the mean time B. had failed; that, at the time when the balance was charged off, and B. notified of it, the note in suit was the only claim due against B. in the hands of the plaintiff, which, however, held other notes not then due, upon which B. was indorser, to none of which A. was a party; that the plaintiff's officers testified that they did not intend to apply the balance charged off to the note in suit exclusively, but they held it to be applied to any claim against B. to which they had a right to apply it; that at the commencement of bankruptcy proceedings by B., the plaintiff rendered him an account, in which all claims which it then had

against him were charged, and all payments received on his account credited ; that the first item on the debit side of the account was the note in suit, charged at its full amount, and in the same line, upon the credit side, was the balance which had been charged off; that the dividends in bankruptcy were paid upon the balance due the plaintiff upon this general account. The defendant asked the judge to rule that the plaintiff was bound to apply the balance charged off to the note in suit; and that the defendant was entitled to have it deducted from the amount of the judgment in this action. The judge refused so to rule ; found that the plaintiff did not in fact so apply it ; and ordered judgment for the plaintiff for a sum which included the balance charged off. *Held,* that the defendant had no ground of exception.

CONTRACT upon a promissory note for $1,815.09, made by the defendant payable to his own order, indorsed by Robert W. Dresser & Co., to whom it was delivered by the defendant, and for whom it was discounted by the plaintiff. Answer. A general denial.

At the trial in the Superior Court, before *Wilkinson,* J., the evidence tended to show that on November 24, 1875, two days after the maturity of the note, which had been protested for non-payment at Norwich, Conn., and the indorsers duly notified, the plaintiff charged off a balance of $686, which stood upon its books to the credit of Dresser & Co., who kept an account there, and, about the first of the following month, sent them, with their pass-book and the checks of the month, the paper of which a copy is printed in the margin.* This paper was written by the plaintiff's cashier, who testified that the letters " ch " near the bottom thereof meant " charged." Dresser had died and his firm had failed in the mean time ; at the time when the balance was charged off, and the paper sent Dresser & Co., the note in suit was the only claim due against them in the hands of the plaintiff, which, however, held other notes not then due, upon which Dresser & Co. were indorsers, to none of which, so far as it appeared, the defendant was a party. The plaintiff's president and cashier testified that they did not intend, at the time of the transaction above stated, to apply the $686 to the note in suit

---

* " $686. 　　　　　　　　　　　　　　　　　　　Boston, Nov. 24, 1875.

　　　　　　　North National Bank.

　　　For payment Hamlin & Co.'s note protested at Norwich six hundred eighty-six dollars.

　　　　　　　　　　　ch.　　R. W. Dresser & Co.
　　　　　　　　　　　　　　　per J. B. W., Cashier."

exclusively, but that they held it to be applied to any claim or claims against Dresser & Co., to which they had a right to apply it ; that the sum in question was taken from the general funds of the bank when it was charged off, and deposited by the cashier in a trunk, where it remained until a final dividend in bankruptcy was paid by the surviving partner of Dresser & Co., when it was taken from the trunk and replaced in the general funds ; and that the plaintiff rendered the surviving partner an account, at the commencement of the bankruptcy proceedings, in which all claims which it then had against Dresser & Co., absolute or contingent, were charged, and all payments received on their account credited. It further appeared that the first item on the debit side of the account was the note in suit, charged at its full amount, and in the same line, upon the credit side, the $686 was credited ; that the dividends in bankruptcy were paid upon the balance due the plaintiff upon this general account ; and that nothing was ever done with the $686, and no specific appropriation of it made, except as above stated.

The defendant asked the judge to rule that, upon these facts, the plaintiff was bound to apply the $686 to the note in suit; and that the defendant was entitled to have it deducted from the amount of the judgment in this action. The judge refused so to rule; found that the plaintiff did not, in fact, so apply it ; and ordered judgment for the plaintiff for a sum which included the $686. The defendant alleged exceptions.

*A. E. Pillsbury*, for the defendant.

*A. E. Jones*, for the plaintiff.

LORD, J. In the absence of evidence, the defendant, as maker of the note in suit, is to be deemed as ultimately liable to pay it, between the parties to it. The defendant claims a deduction from the amount of the note because of a partial payment. Such payment is not pleaded ; if made, it was not made by him; nor in his behalf ; nor was it a payment, which, in law, would enure to his benefit ; and the presiding judge has found as a fact that it was not made. This finding was upon competent and suffi cient testimony.                        *Exceptions overruled.*