*Ex parte* Nason :—*In re* Thompson & another.

### York.    Opinion March 1, 1880.*

</div>

*Insolvency.    Private and partnership indebtedness.    Proof of claim.*

The holder of a joint and several note given by partners in their partnership name, they being in insolvency as partners and individuals, is entitled to prove his note against the joint estate of the firm and also against the several estates of the individual members of the firm, and to receive dividends from all the estates.

The holder is entitled to receive dividends upon the whole claim, provided he does not receive in all more than his full due, unless he has received a dividend on one estate before making proof against another. Where a dividend has been paid, and generally when declared, on one estate before proof is made against another, the amount thereof should be deducted, and a dividend from the balance only allowed from the other.

*This and the following case are published early, and without regard to chronological order, on account of importance of the opinions.                    Rep.

When the members of a firm, having no firm name and no joint estate other than that of the firm, give a joint note in their individual names for money borrowed for and used in their partnership business, such note is provable in insolvency against their partnership estate.

ON EXCEPTIONS.

Joseph Titcomb & W. L. Thompson had for many years been engaged together in ship building in Kennebunk, and were reputed to be wealthy.

In consequence of losses and a continued depreciation of their property and the ship building business, they determined that it was their duty, and that the interests of their joint and separate creditors required a suspension of their business and an application of their property to the payment of their liabilities before any further depreciation took place. Under advice of counsel, to accomplish this purpose they made the voluntary assignment appearing in the records, under the provisions of the insolvent law, c. 74, 1878.

The records show that said Titcomb and Thompson were duly adjudicated bankrupts, individually and as copartners. The schedules filed by them show they were copartners and show copartnership liabilities, and assets; they also had individual assets to a still larger amount.

Charles W. Lewis and another, appellants in this proceeding from decree of judge of insolvency, were creditors of said Titcomb and Thompson, and duly proved their claim against them as partners.

Joseph T. Nason, respondent, is also a creditor of said insolvent debtors; his said claim comprised two notes of hand of the following tenor, to wit:

"$6600.                              KENNEBUNK, Apr. 11, 1874.

For value received we jointly and severally promise to pay Joseph T. Nason or order sixty-six hundred dollars on demand with interest at seven per cent per annum payable semi-annually.

                              JOS. TITCOMB.
                              W. L. THOMPSON."

"$2750.                                 KENNEBUNK, May 28, 1878.

For value received we jointly and severally promise to pay Joseph T. Nason or order twenty-seven hundred and fifty dollars on demand with interest at seven per cent payable semi-annually.

JOS. TITCOMB.
W. L. THOMPSON."

Nason duly proved his claims against the separate estates and also against the partnership estate and the same were duly allowed by the judge of insolvency; at a subsequent period these appellants put in their objections, and the same were overruled and the proofs ordered to stand as made. From this the appellants appealed to the supreme judicial court at *nisi prius*, where the decree of the court of insolvency was affirmed, and appellants alleged exceptions.

The objections filed by the appellants were that the proofs of said claim were filed and allowed against the said Titcomb and said Thompson as alleged copartners and against their alleged copartnership estate, and also against said Titcomb and said Thompson severally and individually and against their several and individual estates.

That said claim is in fact and in legal effect a debt, that should be proved, if at all, either against said Titcomb and said Thompson as copartners and against their copartnership alone, or against said Titcomb and said Thompson, severally and individually and against their several and individual estates alone.

That one of said proofs of claim, to wit, the one against said Titcomb and said Thompson as copartners, or the one against them severally and individually should be disallowed and expunged.

Other facts appear in the opinion.

*J. M. Goodwin*, for the appellants, contended, *inter alia ;* I. that such a claim is not a partnership debt to be proved against the partnership estate, and cited, *In re* Tesson, 9 B. R., 378. Bump. Bank., 234, 763. *In re* Bucyrus, Mac. Co. 5 B. R. 303. *In re* Webb, 2 B. R. 614.

II. If these notes can be regarded as a firm debt, and liable to be proved against the copartnership assets as well as the individ-

ual assets, it is so only in the alternative; the holder having the right to elect his remedy against firm or individual estate.

Hilliard on Bank. (2 ed.) 722, and cases cited. Byles Bills and Notes, 6, note 2. Story Part. §§ 385, 388, 384. *Ex parte* Rowlandson, 3 Peere Will. 405, 406.

*R. P. Tapley*, for the respondent.

PETERS, J. A question in the case is this: If a person holds a joint and several note given by partners in their partnership name, they being in insolvency as partners and also as individuals, is such person entitled to prove his note against the joint estate of the firm and also against the several estates of the individual members of the firm, and to receive dividends therefrom? We are of the opinion that he may do so.

The authorities of the present day are strongly in favor of such a rule in the settlement of bankrupt or insolvent estates. The English courts, after some hesitation, at an early day decided against the doctrine. The earliest and the leading case in our own country upon the question was a judgment pronounced by Judge Sprague in the United States district court, Massachusetts District, in 1843. *In re* Peter Farnum, 6 (Boston) Law Reporter, 21. This important case was never published in any regular book of reports, probably because the bankrupt law of 1841, under which the question arose, had been repealed before the decision was announced, thereby rendering the case as a precedent of less practical consequence. Judge Sprague vigorously opposes what was then the view of the English courts upon this question. Judge Story, in his work on partnership (§ 384, *et seq*.) published in 1841, admits that the English doctrine was too firmly established to be shaken, though he declares against it as, in his opinion, not having solid ground of equity or general reasoning to stand upon. The question has excited considerable attention in the courts of this country in cases arising under the late bankrupt law, and the decisions have been quite uniformly in accordance with the rule laid down by Judge Sprague in the case referred to. In 1861 the English rule became partly, and in 1869 wholly, changed by statutory enactments. The rule of practice in their

courts, in this respect, is now the same as it is generally in the courts of this country. It will be noticed, both in the American and English cases hereafter cited, that no distinction is made, in the application of the principle of double proofs and dividends, between that class of cases where the note is signed by a partnership as a joint and several note, and the cases where the note is signed by a firm payable to one member of the firm as payee and by him indorsed to the holder. The following cases are pertinent to the propositions before stated. *Harvey Weston*, Appellant, 12 Met. 1. *Borden* v. *Cuyler*, 10 Cush. 476. *Ex parte* Farnsworth, 1 Low. 497. *In re* F. F. Holbrook, 2 Low. 259. *Mead* v. *National Bank*, 6 Blatch. 180. *In re* Cram, 1 B. R. 132. *In re* Bigelow, 2 B. R. 374. *In re* Tesson, 9 B. R. 378. *Emery* v. *Canal Bank*, 7 B. R. 217. *In re* Dow, 14 B. R. 307. *Simpson* v *Henning*, L. R. 10 Q.B. 406. *Ex parte* Honey, L. R, 7 c. 178. *Ex parte* Stone, L. R. 8, c. 914. *In re* Plummer, 1 Phillips, 56.

We have no hesitation in adopting the doctrine of the federal courts upon this question, and if the question was untouched by authority we do not see how a contrary conclusion could logically be reached. A joint and several note contains in one instrument two contracts separate and distinct from each other. The makers promise as a firm and also as individuals. In a legal sense, the parties to the two contracts are not the same but different parties. The parties meant something by this form of double contract. The holder intended to have a security upon more than one estate. The presumption is, that the creditor would not have paid the consideration he did, had it not been upon the expectation of a double security. Why should not a creditor have, as Lord Eldon (*Ex parte* Bevan, 10 Vesey, Jr. 107) thought he ought in justice to have, "the benefit of the caution he has used." He might have taken separate notes for the same debt. Why not allow the same thing to be simply and directly done? As said in *In re* Honey, *supra*, "if people are allowed by law to take a joint and several security, it seems unreasonable that those who have given such a security should not be bound by it, according to its terms." One of the judges, in that case, remarked : "The effect of our revers-

ing the registrar's decision would simply be to necessitate the use of a little more paper and a little more ink for the purpose of doing the same thing." The prime obstacle in the way of this rule in the early bankruptcy practice in England, was an idea of their courts that the remedy at law on a joint and several contract must be by suing either jointly or severally, and not suing both ways. This technical difficulty does not exist in this state, where the double remedy is permitted in suits at law. *Turner* v. *Whit-more*, 63 Maine, 526. Our insolvent act provides, as did the late bankrupt law, for administering the joint and several estates of a firm separately. The firm as a firm and the partners as individuals may not be in insolvency at the same time. *Corey* v. *Perry*, 67 Maine, 140. Our conclusion is that in this case the dividends from the three estates must be allowed upon the whole claim, provided the holder does not receive in all more than his full due.

Where a dividend has been paid, and generally when declared, on one estate before proof is made against another, the amount thereof should be deducted, and a dividend on the balance only allowed from the other. Here the different proofs have the same effect as if they had been made simultaneously. *In re* Peter Farnum, *ubi supra*. *Sohier* v. *Loring*, 6 Cush. 537, and citations. *Ex parte* Wildman, 1 Atk. 109. *Ex parte* Taylor, 1 De Gex and J, 302. *Ex parte* Talcott, 2 Low. Dec. 320. *Ex parte* Harris, Id. 568.

Another question is raised upon the part of the objectors. Is the estate of the firm holden upon this note, the members of the firm signing their individual names thereto, and not affixing any name as copartners? The note was given for money borrowed for and used in the partnership business. The partners had never adopted a firm name. This was one of their modes of signing as partners. And there was no joint estate outside of the estate of the firm. This mode of signing binds the partnership as effectually as any other could. There are many cases, under different phases of fact, that sustain this position. *Agawam Bank* v. *Morris*, 4 Cush. 99. *Trowbridge* v. *Cushman*, 24 Pick. 310. *In re* Thomas, 17 B. R. 54. *Richardson* v. *Higgins*, 23 N. H. 106. *Tucker* v. *Peaslee*, 36 N. H. 167. *Maynard* v. *Fellows*, 43 N.

H. 255. *Kendrick* v. *Tarbell*, 26 Vt. 512. *Turner* v. *Jaycox*, 40 N. Y. 470. *Norton* v. *Seymour*, 3 Man. G. & S. 792. *Brackett* v. *Stokes*, 58 Tenn. 442. *Tilley* v. *Phelps*, 18 Conn 295. *In re* Warren, Davies R. 324. *Forsythe* v. *Woods*, 11 Wall. 486. *Hoare* v. *Oriental Bank*, L. R 2 c. 589. *Waite* v. *Foster*, 33 Maine, 424. *Paine* v. *Dwinel*, 53 Maine, 52. Pars. Con. vol. 1, *214. *Berkshire Woolen Co.* v. *Julliard*, 75 N. Y., 535. When partners make covenants under seal, the true mode of signing is individually.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.