GRANITE NATIONAL BANK *vs.* ROBERT G. FITCH & others.

Suffolk. Nov. 10, 1887. — Jan. 6, 1888. DEVENS & W. ALLEN, JJ., absent.

If a guarantor of a promissory note makes a payment thereon, upon the agreement that the payee shall hold the note as security to him for the amount paid as well as for the balance remaining due the payee, such payment does not *pro tanto* discharge the maker of the note.

In an action against A. on a promissory note signed by A. and B., it appeared that B. sent his promissory note to the payee for the amount due, and that this note was not discounted or paid, nor accepted by the payee in discharge of the original note. *Held*, that the transaction did not amount to a payment of the original note.

CONTRACT, against R. G. Fitch, A. P. Moore, and J. E. Moore, upon a promissory note for $5000, signed by the defendants, and guaranteed by D. Alden and J. W. Bradbury. On the note was indorsed a payment of $2000. The plaintiff discontinued as to all the defendants but Fitch. Trial in the Superior Court, without a jury, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

It appeared that after the reported failure of A. P. and J. E. Moore, and the payment of the $2000 indorsed on the note, the guarantors of the note paid to the plaintiff the principal part thereof, leaving due a balance of $217.50, upon the agreement

that the bank was to hold the note as security to the guarantors for the amount paid by them, as well as for the balance remaining due to itself.

Subsequently the defendants A. P. and J. E. Moore sent to the plaintiff bank their note for said balance of $217.50, the amount that remained due at that time on the original note, which note so sent has never been discounted or paid, in whole or in part, nor accepted by the bank in discharge of the original note.

Upon this evidence, the defendant Fitch requested the judge to rule as follows: " 1. The payment made by the guarantors on the note in suit to the plaintiff bank, discharged and released the defendant Fitch from his liability on such note to the amount of said payment, and the plaintiff cannot have its action against said Fitch for such amount, notwithstanding the arrangement said to be made with the guarantors. 2. The giving of the note to the plaintiff bank by the Moores, for the balance remaining due after the payment by the guarantors, extinguished the remainder of the cause of action against the defendant Fitch, and the plaintiff can recover nothing against him in this action."

The judge declined so to rule, but ruled that the aforesaid facts constituted no defence on the part of the defendant Fitch to this action, or any part thereof, and found for the plaintiff for the full amount of its claim, with interest thereon. The defendant alleged exceptions.

*Z. S. Arnold*, for Fitch.

*R. D. Smith & M. M. Weston*, for the plaintiff.

C. ALLEN, J. The guarantors made a partial payment upon the note in suit, but it is found by the court that the payment was made upon the agreement that the payee and holder of the note should hold it as security to the guarantors for the amount paid by them, as well as for the balance remaining due to the payee. This was equivalent to an agreement that the sum paid by the guarantors should not be deemed a payment for or on account of the parties primarily liable to pay the note, but that the note should be kept alive, in order to be put in suit for the benefit of the guarantors. If they had paid the whole amount of the note, there is no doubt that they might have taken an

indorsement to themselves, and brought suit upon it in their own names. It is not necessary to determine whether, in the absence of any express understanding, a payment in whole or in part by guarantors will have the effect to extinguish the note wholly or *pro tanto ;* though this result is often broadly denied. See Story Prom. Notes, § 400 ; Byles on Bills, (7th Am. ed.) 173, 224, 225. But clearly, where there is an agreement that the note shall be kept alive, such payment does not discharge the makers. *Pinney* v. *McGregory,* 102 Mass. 186. *McGregory* v. *McGregory,* 107 Mass. 543. *Pacific Bank* v. *Mitchell,* 9 Met. 297, 302. *Williams* v. *James,* 15 Q. B. 498. *Jones* v. *Broadhurst,* 9 C. B. 173. *Thornton* v. *Maynard,* L. R. 10 C. P. 695.

As to the subsequent transaction, by which two of the makers sent to the holder of the note their new note for the balance remaining due beyond the amount paid by the guarantors, it is expressly found that the holder did not accept such new note in discharge of the original note ; and under such circumstances, according to the well settled doctrine, the new note is not to be treated as payment. *Cotton* v. *Atlas Bank, ante,* 43, 45.

*Exceptions overruled.*